1

2

3

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

4

5

6

7

8

9

10

11

12

GERMAN SALCIDO,

Plaintiff,

vs.

VERICREST FINANCIAL & SUMMIT
MANAGEMENT COMPANY LLC; and
DOES 1-100, INCLUSIVE,

Defendants.

Case No:  C 13-3450 SBA

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS**

Docket 13

13

14          Plaintiff German Salcido, the putative former co-owner of real property located at

15   6462 Thomas Avenue, Newark, California ("the Property"), brings the instant diversity

16   jurisdiction wrongful foreclosure action against Defendants Vericrest Financial, Inc.

17   ("Vericrest")[1] and Summit Management Company LLC ("Summit").  Vericrest is alleged

18   to be the current loan servicer and lender, while Summit is the current loan trustee.

19          The parties are presently before the Court on Defendants' Motion to Dismiss First

20   Amended Complaint.  Dkt. 20.  Having read and considered the papers filed in connection

21   with this matter and being fully informed, the Court hereby GRANTS the motion and

22   dismisses Plaintiff's claims with partial leave to amend.  The Court, in its discretion, finds

23   this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D.

24   Cal. Civ. L.R. 7-1(b).

25

26

27

28          [1] Vericrest is now Calibre Home Loans, Inc.

I.      **BACKGROUND**

      A.      FACTUAL SUMMARY

      The following facts are taken from the First Amended Complaint ("FAC") and are presumed true for purposes of the instant motion.  In June 2005, Sandra Vasquez, then owner of the Property, borrowed the sum of $400,000 from Downey Savings & Loan Association FA, LLC ("Downey").  FAC ¶ 18.  The loan was secured by a Deed of Trust recorded against the Property in the amount of $535,500.  Id. & Ex. A.[2]  The Deed of Trust identifies "SANDRA VASQUEZ, AN UNMARRIED WOMAN" as the borrower; Accredited Home Lenders, Inc., as the lender; and Stewart Title Guaranty as the trustee.  Id. at 1-2.  Mortgage Electronic Registration Systems ("MERS") is identified as the nominee for the lender, and as the beneficiary under the Deed of Trust.  Id. at 2.  The Deed of Trust grants to MERS "the right to foreclose and sell the Property" on behalf of the lender.  Id. at 3.  Plaintiff's name does not appear anywhere on the Deed of Trust.

      On October 1, 2007, Vasquez executed a Grant Deed purporting to transfer as a "gift" to herself and Plaintiff all rights to the Property as joint tenants.  FAC Ex. C.  The Grant Deed was filed with the Alameda County Recorder's Office on or about October 19, 2007.  Id.  Though not entirely clear from the pleadings, it appears that Plaintiff and Vasquez began sharing the monthly mortgage payments.  FAC ¶ 21.  At some point, Vasquez—but not Plaintiff—stopped making payments on the mortgage.  Id.  Thus, beginning in September or October 2011, Plaintiff began working with Vericrest on obtaining a loan modification.  Id.

      On December 22, 2011, Summit recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD").  Id. Ex. B.  The NOD indicates a past due amount of

---

      [2] Although the pleadings allege that the loan amount is $400,000, the loan amount listed on the Deed of Trust and foreclosure documents attached to the FAC indicate a loan amount of $535,500.  Compare FAC ¶ 18 with id. Ex. A.  In addition, the Deed of Trust indicates that the loan was executed on June 20, 2007, as opposed to June of 2005.

1   $10,587.47 as of December 20, 2011.  Id.[3]  Attached to the NOD is a declaration required

2   by California Civil Code section 2923.5 to confirm the beneficiary's attempt to contact "the

3   borrower" to discuss options to avoid foreclosure.  Id.  The NOD was sent to Vasquez, but

4   not to Plaintiff.  FAC ¶ 22.

5       On March 26, 2012, Summit recorded a Notice of Trustee's sale, which set a sale

6   date of April 16, 2012.  Id. Ex. D.  On April 12, 2012, four days prior to the scheduled

7   trustee's sale, Vericrest approved Plaintiff's request for a loan modification.  FAC ¶ 24.

8   Although Plaintiff made an initial payment under the loan modification, Vericrest allegedly

9   reneged on their agreement and sold the Property on April 24, 2012.  Id. ¶¶ 25, 27.

10      **B.    PROCEDURAL HISTORY**

11      On June 14, 2013, Plaintiff filed the instant action in the Alameda County Superior

12  Court against Vericrest and Summit.  Defendants removed the action to this Court on July

13  25, 2013, on the basis of diversity jurisdiction.  Dkt. 1.

14      On August 14, 2013, Plaintiff filed a FAC which alleges six claims for relief, as

15  follows:  (1) violation of California Civil Code § 2923.5; (2) wrongful foreclosure;

16  (3) negligent misrepresentation; (4) breach of the covenant of good faith and fair dealing;

17  (5) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code

18  § 17200 et seq.; and (6) violation of the California Homeowner's Bill of Rights.

19      Defendants have now filed a motion to dismiss the claims alleged in the FAC,

20  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The motion is fully

21  briefed and is ripe for adjudication.

22  **II.    LEGAL STANDARD**

23      "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a

24  cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal

25  theory."  Somers v. Apple, Inc., -- F.3d --, 2013 WL 5712731, at *3 (9th Cir. Sept. 3,

26

27      [3] The FAC avers that the amount in arrears as of December 22, 2011, was
    $12,798.13, as opposed to the $10,587.47 figure referenced in the NOD.  Compare FAC
28  ¶ 22 with id. Ex. B.

1   2013).  "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair

2   notice of the nature of the claim, but also grounds on which the claim rests.'"  Zixiang Li v.

3   Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly,

4   550 U.S. 544, 556 n.3 (2007)).  "To survive a motion to dismiss, a complaint must contain

5   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

6   face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570

7   (2007)).

8           In assessing the sufficiency of the pleadings, "courts must consider the complaint in

9   its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6)

10  motions to dismiss, in particular, documents incorporated into the complaint by reference,

11  and matters of which a court may take judicial notice."  Tellabs, Inc. v. Makor Issues &

12  Rights, Ltd., 551 U.S. 308, 322 (2007).  The court is to "accept all factual allegations in the

13  complaint as true and construe the pleadings in the light most favorable to the nonmoving

14  party."  Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir.

15  2007).  Where a complaint or claim is dismissed, leave to amend generally is granted,

16  unless further amendment would be futile.  Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083,

17  1087-88 (9th Cir. 2002).

18  **III.   DISCUSSION**

19          **A.   CIVIL CODE § 2923.5**

20          Plaintiff's first claim is predicated on alleged violations of California's Perata

21  Mortgage Relief Act, Cal. Civ.Code §§ 2923.5-2923.6.  FAC ¶¶ 33-37.  Section 2923.5

22  specifies that, before a NOD may be filed, the lender must contact "the borrower" in person

23  or by telephone to "assess" the borrower's financial situation and "explore" options to

24  prevent foreclosure.  Cal. Civ.Code § 2923.5(a)(1)(A), (a)(2); Mabry v. Superior Court, 185

25  Cal. App. 4th 208, 213-14 (2010).  Section 2923.6(c) generally precludes a mortgage

26  servicer, mortgagee, trustee, beneficiary, or authorized agent from recording a NOD or

27  conducting a trustee's sale while a loan modification request is pending.  Cal. Civ.Code

28  § 2923.6(c).

1    The fundamental flaw in Plaintiff's section 2923.5 claim is that Plaintiff is not a

2  "borrower" within the meaning of the statute.  For purposes of section 2923.5, the term

3  "borrower" is defined as "any natural person who is a mortgagor or trustor and who is

4  potentially eligible for any federal, state, or proprietary foreclosure prevention alternative

5  program offered by, or through, his or her mortgage servicer."  Cal. Civ. Code

6  § 2920.5(c)(1); see Cathay Bank v. Fidelity Nat'l Title Ins. Co., 46 Cal. App. 4th 266, 271

7  (1996) (noting that "borrower" has the same meaning as "trustor" or "mortgagor").  In this

8  case, the Deed of Trust clearly states that Vasquez, not Plaintiff, is the borrower.  Since

9  Plaintiff is not—and does not claim to be—the borrower, he is not entitled to the

10 protections of section 2923.5.  See Cal. Civ.Code § 2923.5(b) ("no contact was required

11 because the individual did not meet the definition of 'borrower' pursuant to subdivision (c)

12 of Section 2920.5").  The fact that Vasquez subsequently transferred an interest in the

13 Property as a "gift" to Plaintiff does not alter the fact that only Vasquez is the "borrower"

14 for purposes section 2923.5.[4]

15    Even if Plaintiff were the borrower, his claim is moot.  The only remedy for a

16 violation of section 2923.5 is the postponement of the foreclosure sale before it occurs.  See

17 Mabry, 185 Cal. App. 4th at 231 (noting that section 2923.5 provides for "more time and

18 only more time.").  "Civil Code section 2923.5 does not provide for damages . . . or for

19 setting aside a foreclosure sale" once the sale has already taken place.  Stebley v. Litton

20 Loan Servicing, LLP, 202 Cal. App. 4th 522, 526 (2011).  Where a sale has already

21 transpired, a cause of action arising under section 2923.5 is moot.  Walton v. Mortgage

22 Elec. Registration Sys. Inc., 507 Fed. App'x 720, 722 (9th Cir. 2013) ("As the foreclosure

23 sale here has already occurred, that remedy is no longer available.").  Since the Property

24

25

26    [4] Though not mentioned in Defendants' motion, the Deed of Trust provides that a
third party may assume the borrower's rights and obligations thereunder, but only if the
27 transfer is in writing and approved by the lender.  FAC Ex. A at 10, ¶ 13.  Plaintiff does not
allege in the FAC or claim in his opposition brief that he or Vasquez obtained such
28 permission from the lender.

**1** was sold on April 24, 2012, Plaintiff has no recourse under section 2923.5.[5] The Court

**2** therefore dismisses Plaintiff's first claim, without leave to amend.

**3**      **B.   WRONGFUL FORECLOSURE**

**4**      Plaintiff's second cause of action for wrongful foreclosure is predicated upon

**5** Defendants' alleged failure to comply with Civil Code sections 2923.5 and 2923.6. FAC

**6** ¶¶ 38-44. As relief, he seeks "to have the trustee sale of the Subject Property set

**7** aside . . . ." Id. ¶ 45. For the reasons discussed above, Plaintiff cannot state a claim for a

**8** violation of either of those statutory provisions since he is not a "borrower" and neither

**9** statute affords the remedy that he seeks. In addition, Plaintiff's claim fails on the grounds

**10** that he has failed to tender the outstanding amount of the loan. Karlsen v. American Sav. &

**11** Loan Ass'n, 15 Cal. App. 3d 112, 117 (1971) ("A valid and viable tender of payment of the

**12** indebtedness owing is essential to an action to cancel a sale under a deed of trust."); see

**13** also Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 3d 575, 578 (1984) ("It is settled that

**14** an action to set aside a trustee's sale for irregularities in sale notice or procedure should be

**15** accompanied by an offer to pay the full amount of the debt for which the property was

**16** security.").

**17**      It is clear that Plaintiff cannot predicate a wrongful foreclosure claim on a violation

**18** of Civil Code sections 2923.5 and 2923.6. Though unlikely, it remains possible that

**19** Plaintiff may be able to allege facts that give rise to a plausible claim for wrongful

**20** foreclosure. See Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 104 (2011) (stating the

**21** elements of a wrongful foreclosure claim). Therefore, the dismissal of Plaintiff's second

**22** claim for wrongful foreclosure is with prejudice only to the extent it is based on a violation

**23** of sections 2923.5 and 2923.6. Plaintiff is reminded that his decision to amend should be

**24** guided by Federal Rule of Civil Procedure 11, which creates and imposes on a party or

**25**

**26**

**27**      [5] Although Plaintiff acknowledges that the Property has already been sold, he seeks
an injunction preventing *further* sales of the Property. FAC ¶ 37. Section 2923.5 provides
**28** for no such remedy.

1    counsel an affirmative duty to investigate the law and facts before filing a pleading, motion

2    or other paper in a federal court action.

3            C.    **NEGLIGENT MISREPRESENTATION**

4            Plaintiff's third claim for negligent misrepresentation alleges that Defendants

5    provided erroneous information regarding his loan modification.  FAC ¶¶ 47-48.  The

6    elements of negligent misrepresentation under California law are: "(1) the

7    misrepresentation of a past or existing material fact, (2) without reasonable ground for

8    believing it to be true, (3) with intent to induce another's reliance on the fact

9    misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."

10   Apollo Capital Fund, LLC v. Roth Capital Partners, LLC, 158 Cal. App. 4th 226, 243

11   (2007).  In addition, the plaintiff must allege the existence of a duty of care owed by the

12   defendant.  See Aspiras v. Wells Fargo Bank, N.A., 219 Cal. App. 4th 948, 963 (2013).

13           **1.    Heightened Pleading Standard**

14           Defendants contend that the allegations in support of Plaintiff's negligent

15   misrepresentation claim fail to satisfy the heightened pleading requirements of Federal Rule

16   of Civil Procedure 9(b).  Mot. at 6-7.[6]  Rule 9(b), provides, in relevant part, that "[i]n

17   alleging fraud or mistake, a party must state with particularity the circumstances

18   constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Though Plaintiff's opposition neglects

19   to address this threshold issue, the Court notes that there is no controlling authority as to

20   whether or not a negligent misrepresentation claim is subject to Rule 9(b)'s heightened

21   pleading requirements.  See Anschutz Corp. v. Merrill Lynch & Co., 785 F. Supp. 2d 799,

22   823, 828 (N.D. Cal. 2011) (assuming without deciding that Rule 9(b) applied since the

23   complaint met the heightened standard).  However, the Ninth Circuit has held that claims

24   which "sound in fraud" or that are "grounded in fraud" must satisfy Rule 9(b).  Kearns v.

25   Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  To ascertain whether a claim

26   "sounds in fraud," the Court must examine the language and structure of the complaint and

27   _____

28           [6] A dismissal under Rule 9(b) is "functionally equivalent" to one under Rule
     12(b)(6).  Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007).

1  determine "whether the complaint alleges a unified course of fraudulent conduct and relies

2  entirely on that course of conduct as the basis of a claim."  Rubke v. Capitol Bancorp Ltd.,

3  551 F.3d 1156, 1161 (9th Cir. 2009) (internal quotations and alterations omitted).

4       The pleadings allege that Defendants owed him a duty to provide accurate

5  information regarding the status of the mortgage as well as his loan modification requests.

6  FAC. ¶ 47.  According to Plaintiff, Defendants never "legitimately reviewed Plaintiff's

7  paperwork for any available loan modification mortgage relief option," and "were going to

8  proceed with the [trustee's] sale despite approving the loan modification."  Id. ¶ 50.

9  Plaintiff further alleges that Defendants' conduct is alleged to have been part of their

10  "campaign of deception."  Id. ¶ 53.  These other allegations of the FAC strongly suggest

11  that Plaintiff is relying on a unified course of fraudulent conduct as the basis of his cause of

12  action for negligent misrepresentation.  Therefore, the Court finds that such claim is subject

13  to the heightened pleading requirements of Rule 9(b).

14                    **2.     Sufficiency of the Allegations**

15                         *a)     Particularity*

16       To comport with Rule 9(b), the complaint must allege "the who, what, when, where,

17  and how" of the alleged fraudulent conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.

18  1997), and "set forth an explanation as to why [a] statement or omission complained of was

19  false and misleading," In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)

20  (en banc); see Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).  Where multiple

21  defendants are involved, the plaintiff also must identify the role of each defendant in the

22  alleged fraudulent scheme.  See Swartz, 476 F.3d at 764-65.

23       The allegations presented in support of Plaintiff's negligent misrepresentation claim

24  fail to satisfy Rule 9(b).  No details regarding the approval of his loan modification or

25  Defendants' intention to foreclose on the Property notwithstanding the modification are

26  alleged.  See FAC ¶¶ 24, 25, 27, 29.  For instance, Plaintiff fails to allege the specific dates

27  of the allegedly false or misleading communications, the contents of those statements and

28  explanation of why the statement was false or misleading, the manner in which the

1    statements were made, the identity of the persons involved and the role of each Defendant

2    in the matter.  Moreover, Plaintiff's allegations of false intent, see id. ¶ 50, are

3    inappropriately made on information and belief without providing the foundation for such

4    belief.  See Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1042 (9th Cir.

5    2010) ("Claims made on information and belief are not usually sufficiently particular,

6    unless they accompany a statement of facts on which the belief is founded.").  In sum, the

7    Court finds that Plaintiff's allegations in support of his negligent misrepresentation claim

8    fail to comport with the heightened pleadings requirements of Rule 9(b).

9                                    *b)      Other Allegations*

10          Defendants briefly make two other arguments for dismissing the negligent

11   misrepresentation claim—neither of which is compelling.  First, Defendants argue that

12   because Plaintiff was not the borrower, they owed him no duty of care.  Mot. at 7.  That

13   argument presupposes that such duty arises from the Deed of Trust or some other loan-

14   related document.  The FAC, however, appears to allege that Defendants' duty arises, at

15   least in part, from Plaintiff's ownership interest in the Property.  FAC ¶ 47.  Defendants do

16   not address this possibility and otherwise cite no legal authority to support their contention

17   that they owe no legal duty to Plaintiff.  As such, the Court does not, at this juncture, reach

18   the legal question of whether Defendants owed Plaintiff a duty of care.  See Aspiras, 219

19   Cal. App. 4th at 963 ("[w]hether a duty to use due care exists in a particular case is a

20   question of law to be resolved by the court.").

21          Next, Defendants contend that Plaintiff could not have reasonably relied on any

22   representations regarding the loan modification agreement because no such agreement

23   exists.  Mot. at 7.  Specifically, Defendants assert that under the statute of frauds, any loan

24   modification must be in writing, and that an oral agreement is legally insufficient.  Id. at 7.

25   Whatever the merit of this argument, it cannot resolved based on the limited record

26   presented.  The FAC alleges "Plaintiff succeeded in obtaining a Loan Modification on April

27   12, 2012" and that he, in fact, made the first payment in accordance with such agreement.

28   FAC ¶ 27.  Although the pleadings do not specify whether the loan modification was

1  reduced to writing, on a motion to dismiss the Court is obligated to draw all reasonable

2  inferences in favor of the non-movant.  See Outdoor Media Group, 506 F.3d at 899-900.

3  Consequently, the factual question of whether the loan modification agreement was oral or

4  written cannot be resolved at this time.

5      Although Defendants' substantive challenges to Plaintiff's claim for negligent

6  misrepresentation are unavailing, said claim is inadequately pled because it fails to allege

7  the fraudulent conduct with sufficient particularity.  Therefore, the Court dismisses the third

8  claim for negligent misrepresentation, with leave to amend.

9          **D.     BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

10     "[E]very contract contains an implied covenant of good faith and fair dealing that

11  neither party will do anything which will injure the right of the other to receive the benefits

12  of the agreement."  Wolf v. Walt Disney Pictures & Tel., 162 Cal. App. 4th 1107, 1120

13  (2008) (internal quotations omitted).  "[T]he implied covenant operates to protect the

14  express covenants or promises of the contract.  In essence, the covenant is implied as a

15  *supplement* to the express contractual covenants, to prevent a contracting party from

16  engaging in conduct which (while not technically transgressing the express covenants)

17  frustrates the other party's rights to the benefits of the contract."  McClain v. Octagon

18  Plaza, LLC, 159 Cal. App. 4th 784, 806 (2008) (internal quotations omitted).

19     The elements of a claim for breach of the implied covenant of good faith and fair

20  dealing are:  (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did

21  all or substantially all of the things that the contract required him to do or was excused from

22  having to do; (3) all conditions required for the defendant's performance had occurred; (4)

23  the defendant unfairly interfered with the plaintiff's right to receive the benefits of the

24  contract; and (5) the defendant's conduct harmed the plaintiff.  Woods v. Google, Inc., 889

25  F. Supp. 2d 1182, 1194 (N.D. Cal. 2012); see also CACI No. 325 (2013).  "Facts alleging a

26  breach, like all essential elements of a breach of contract cause of action, must be pleaded

27  with specificity."  Levy v. State Farm Mut. Auto. Ins. Co., 150 Cal. App. 4th 1, 5 (2007).

28  Thus, the plaintiff must, at a minimum, identify the specific contractual provision that was

**1** frustrated. See Lingad v. Indymac Fed. Bank, 682 F. Supp. 2d 1142, 1154 (E.D. Cal.

**2** 2010).

**3**      In the instant case, Plaintiff avers that Defendants breached their duty of good faith

**4** by: (1) failing to provide proper disclosures; (2) failing to disclose that loan was going to be

**5** in default because it was unaffordable; (3) offering a loan product not suited to Plaintiff's

**6** financial circumstances; and (4) failing to explain that the trustee's sale was continuing

**7** despite the loan modification. Id. ¶ 57. It is unclear from these allegations what particular

**8** contract, if any, forms the basis of this claim, let alone the particular provision of such

**9** agreement that Defendants allegedly frustrated. See Jenkins v. JP Morgan Chase Bank,

**10** N.A., 216 Cal. App. 4th 497, 524 (2013) (noting that the identification of the operative

**11** contract is a "prerequisite for any action for breach of the implied covenant of good faith

**12** and fair dealing."). Rather, Plaintiff merely alleges that Defendant's duty of good faith "is

**13** coextensive with Defendant's duty to conduct the foreclosure proceedings fairly, openly

**14** and in good faith." FAC ¶ 56. Statutory duties, however, cannot form the basis of an

**15** implied covenant claim. Smith v. City and County of San Francisco, 225 Cal. App. 3d 38,

**16** 49 (1990) ("the covenant of good faith and fair dealing is, by definition, an implied contract

**17** term. It has no relation to any statutory duties which may exist.").[7]

**18**      In his opposition, Plaintiff contends that his breach of the implied covenant claim is

**19** based on the "HAMP . . . contract between Defendant Vericrest and the U.S. Government."

**20** Opp'n at 13. "HAMP" refers to the Home Affordable Mortgage Program, 12 U.S.C.

**21** § 5219a, which "is a federal program whereby the United States government privately

**22** contracts with banks to provide incentives to enter into residential mortgage modifications."

**23** See Nevada v. Bank of Am. Corp., 672 F.3d 661, 665 n.1 (9th Cir. 2012). Since there are

**24** no facts regarding HAMP or any agreement between Vericrest and the United States

**25**

**26**      [7] To the extent that Plaintiff is relying on either the promissory note or the Deed of Trust, he lacks standing to assert any rights under those agreements since he was not a party to either agreement. See Hatchwell v. Blue Shield of California, 198 Cal.App.3d 1027,

**27** 1034 (1998) ("Someone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the

**28** contracting party.").

1   alleged in the FAC, the Court may not consider this newly-asserted contention in

2   determining whether Plaintiff has stated a claim.  See Schneider v. Calif. Dep't of

3   Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("'new' allegations contained in the

4   [plaintiff]'s opposition . . . are irrelevant for Rule 12(b)(6) purposes.").[8]

5           In sum, given that Plaintiff has failed to allege the existence of such an agreement

6   upon which he may predicate a claim for breach of the implied covenant of good faith and

7   fair dealing, the Court dismisses Plaintiff's fourth claim for breach of the implied covenant

8   of good faith and fair dealing, with leave to amend.

9           **E.     UNFAIR COMPETITION LAW**

10          The UCL makes actionable any "unlawful, unfair or fraudulent business act or

11  practice."  Cal. Bus. & Prof. Code § 17200.  Though the pleadings are not a model of

12  clarity, it appears that Plaintiff is relying on the fraudulent prong of the UCL.  See FAC

13  ¶¶ 63-65.  A claim under the fraudulent prong of the UCL is based on the reasonable

14  consumer standard, which requires the plaintiff to "show that members of the public are

15  likely to be deceived."  Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008)

16  (internal quotation marks omitted).  A fraud-based UCL claim is subject to Rule 9(b)'s

17  specificity requirements.  See Kearns, 567 F.3d at 1125-26.

18          The allegations of the FAC are too vague to state claim under the UCL.  Plaintiff

19  alleges that "Defendants' acts and practices are likely to deceive, constituting a fraudulent

20  business act or practice.  This conduct is ongoing and continues to this date."  FAC ¶ 64.

21  However, instead of identifying the particular acts and practices giving rise to his UCL

22  claim, Plaintiff merely "incorporates each and every allegation of paragraphs 1-61 of [the

23  FAC]."  FAC ¶ 62.  Plainly, incorporating by reference the first sixty-one paragraphs of the

24  FAC does not provide Defendants with fair notice of the factual premise of Plaintiff's UCL

25  ─────────────────────

26          [8] The Court notes that after the close of briefing on this motion, the California Court
    of Appeal held that a borrower may state a claim for breach the implied covenant of good
    faith and fair dealing based on allegations that the lender failed to comply with HAMP
27  regulations.  Bushell v. JPMorgan Chase Bank, N.A., – Cal. App. 4th –, 2013 WL 5723074,
    at *9 (Cal. Ct. App. Oct. 22, 2013).  Nonetheless, such a claim must be tethered to a
28  contract between the parties.  Id.

**1** claim.  See Twombly, 550 U.S. at 556 n.3.[9]  Nor does such vague pleading comport with

**2** the applicable heightened pleading requirements.  Accordingly, the Court dismisses

**3** Plaintiff's fifth claim for violation of the UCL, with leave to amend.

**4**       **F.**    **CALIFORNIA HOMEOWNER BILL OF RIGHTS**

**5**       Plaintiff's sixth and final cause of action is based on the California Homeowners'

**6** Bill of Rights ("HBR"), which Governor Brown signed into law on July 11, 2012, and took

**7** effect on January 1, 2013.  See Cal. Stats.2012, Ch. 86, Assembly Bill 278, § 20.  Here,

**8** Plaintiff's claim accrued at the latest on April 24, 2012, the date the Property was sold at a

**9** trustee's sale.  Compl. ¶ 25.  Since the conduct at issue occurred prior to the effective date

**10** of the HBR, his claim under such statute must fail.  See Michael J. Weber Living Trust v.

**11** Wells Fargo Bank, N.A., No. 13-cv-542 JST, 2013 WL 1196959, at *4 (N.D. Cal. Mar. 25,

**12** 2013) (ruling that the HBR is not retroactive ).  Plaintiff does not dispute that his claim, as

**13** pled, is legally infirm, but posits that he "may now be entitled to assert newly actionable

**14** claims against Defendants."  Opp'n at 15.  The Court therefore grants Plaintiff leave to

**15** amend to allege a claim under the HBR based on conduct occurring after January 1, 2013.

**16** **IV.**    **CONCLUSION**

**17**       For the reasons stated above,

**18**       IT IS HEREBY ORDERED THAT:

**19**       1.    Defendants' Motion to Dismiss is GRANTED.  The claims alleged in the

**20** FAC are dismissed with partial leave to amend, as set forth above.

**21**       2.    Plaintiff shall have fourteen (14) days from the date this Order is filed to file

**22** a Second Amended Complaint, consistent with the Court's rulings and Rule 11 of the

**23** Federal Rules of Civil Procedure.  In the event Plaintiff fails to file a Second Amended

**24**

**25**

**26** [9] Notably, the only specific allegation in this claim states that, "as fully set forth above, Defendant [sic] engage in deceptive business practices with respect to mortgage loan servicing, securitization of Plaintiff's mortgage, selling the rights to service Plaintiff's

**27** loan."  Id. ¶ 65.  In fact, there are no allegations in the FAC regarding loan servicing, mortgage securitization or selling the servicing rights to the loan.  Rather, it appears that

**28** Plaintiff's counsel cut and pasted this allegation from another pleading.

1   Complaint within the specified time-frame, the dismissal of Plaintiff's claims, as discussed

2   above, will be with prejudice.

3          3.      This Order terminates Docket No. 13.

4          IT IS SO ORDERED.

5   Dated:  November 4, 2013                    _Saundra B Armstrong_____

6                                               SAUNDRA BROWN ARMSTRONG
                                                United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28